UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
JULIA CHIMBORAZO

                                            Plaintiff,

           -against-
                                                        **COMPLAINT**
                                                        **AND DEMAND FOR**
                                                         **JURY TRIAL**

CITY OF NEW YORK; and individually and in their official
Capacity as New York City Police Officers John Does 1-5

                                            Defendants.
-------------------------------------------------------------------------x

        Plaintiff Julia Chimborazo, by her attorney, the Urban Justice Center, complaining of Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 USC§§ 1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions and laws of the United States and the State of New York.

## JURISDICTION

    2.    This action is brought pursuant to 42 USC §§ 1983 and 1988 of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

    3.    Jurisdiction is founded upon 28 USC §§ 1331, 1343 and 2202.

## VENUE

4.	Venue is properly laid in the Southern District of New York under 28 USC § 1391(b) because the act in question occurred in this district.

## JURY DEMAND

5.	Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed R. Civ. P. 38(b).

## PARTIES

6.	Plaintiff JULIA CHIMBORAZO is a resident of Queens, New York and a licensed New York City mobile food vendor.

7.	Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.

8.	Defendant Police Officers John Does 1-5 are sued in their individual and official capacity as New York City police officers and acted within the scope of their employment and under color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## FACTUAL AND GENERAL ALLEGATIONS

9.	On June 11, 2017, Plaintiff was selling ice cream from a pushcart on the sidewalk outside of 30 Rockefeller Plaza in Manhattan. At approximately 1:30 P.M, Defendant Officer John Doe approached her and issued her summons 191676248 for an alleged violation of New York City Administrative Code § 17-315(k/l) for allegedly vending at a restricted time and place. At the same time the Defendant Officer seized her vending cart and its entire contents.

10. On August 1, 2017, Plaintiff appeared, through her attorney, for a hearing on summons 191676248 at the New York City Office of Administrative Trials and Hearings ("OATH"). The summons was subsequently dismissed by a hearing officer at OATH.

11. On October 24, 2017, Plaintiff, accompanied by her attorney, visited the New York City Police Department Patrol Borough Manhattan South office, to retrieve her pushcart. She was informed by an officer there that her property was located at a warehouse in Long Island City.

12. The next day, October 25, 2017, Plaintiff visited the NYPD's "Pearson Place Warehouse" in Long Island City, in another attempt to retrieve her pushcart. She was subsequently informed by an officer there that she was too late and that her pushcart had been destroyed.

13. Defendants knew or should have known that they had no right to seize and discard Plaintiff's pushcart, especially prior to any adjudication on the matters specified by the summons that was issued during the seizure.

14. The seizure, retention, and destruction of Plaintiff's property were performed under color of law, within the scope of Defendant Officers John Does employment and authority, and for whose acts the defendant City is liable under the theory of *respondeat superior*.

15. The seizure, retention, and destruction of Plaintiff's property and its confiscation were contrary to law as Plaintiff was not in violation of New York City Administrative Code § 17-315(k/l).

16. The seizure, retention, and destruction of Plaintiff's property violated clearly established rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution, and were the direct and proximate cause of her damages.

17. The actions of the individual Defendants were intentional, malicious, and in bad faith, thus giving rise to punitive damages.

## DAMAGES

18. As a direct and proximate cause of the said acts of defendants, Plaintiff suffered the following injuries and damages:

   a. Violation of her rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment of the U.S. Constitution; and

   b. Economic damages including loss of property and loss of income.

## CAUSES OF ACTION

### COUNT I – 42 USC § 1983 – UNREASONABLE SEIZURE

19. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if set forth in full.

20. By their conduct, under color of law, Defendants deprived Plaintiff of her constitutional right to be free from unreasonable searches and seizures by seizing and destroying her pushcart and other property.

### COUNT II – 42 USC § 1983 – PROCEDURAL DUE PROCESS

21. By their conduct, under color of law, Defendants deprived Plaintiff of her property without due process of law.

### COUNT III – 42 USC § 1983 – SUBSTANTIVE DUE PROCESS

22. By their conduct, under color of law, Defendants denied Plaintiff of her right to due process by depriving her of her property for arbitrary or irrational reasons.

### COUNT IV – 42 USC § 1983 – MONELL CLAIM

23. New York City has maintained policies and customs exhibiting deliberate indifference to the constitutional rights of licensed street vendors with respect to the seizure of their vending pushcarts and property, which caused the violation of Plaintiff's rights.

24. It was the policy and custom of the City to train, supervise and discipline officers, including the Defendant officers, inadequately with respect to the rights of licensed street vendors with respect to the seizure of their vending pushcarts and property, thereby causing Defendants in this case to engage in the unlawful conduct described above.

25. Pursuant to 38 RCNY § 12-11 and 38 RCNY § 12-36, Defendants have a policy of discarding vendors' property within their possession after 120 days. However, final decisions from OATH in related adjudications can take longer than 120 days to reach affected vendors.

26. Defendants' policy of discarding vendors' property as prescribed in 38 RCNY § 12-11 and 38 RCNY § 12-36 is unconstitutional as it gives Defendants the power to discard property prior to the conclusion of the related adjudication.

27. As a direct and proximate cause of the City's deliberate indifference, Defendants violated Plaintiff's constitutional rights for which she suffered damages.

WHEREFORE, Plaintiff requests the following relief jointly and severally as against all Defendants:

1. Award compensatory damages in an amount to be determined at trial;
2. Award punitive damages in an amount to be determined at trial;
3. Disbursements, costs, and attorneys' fees; and
4. For such other and further relief as this Court may seem deem just and proper.

Dated:    New York, New York

         October 18, 2018

                             Respectfully Submitted,

                             */s/ Matthew Shapiro*

                             Matthew Shapiro
                             Urban Justice Center
                             Attorneys for the Plaintiff
                             40 Rector Street, 9th Floor
                             New York, NY 10006